UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER
and SHAWN PARR, individually and on behalf
of all others similarly situated,                                            **ANSWER**
                                          Plaintiffs,

                                                                        09 Civ. 7749 (RWS)

          -against-

FAYLOW CORP, CRISPO, FRANCIS J. CRIS
and EUGENE CRISPO,
                                          Defendants.
-------------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendants FAYLOW

CORP, CRISPO, and FRANCIS J. CRISPO, by their attorney, William J. Dockery, answer

the complaint as follows:

### NATURE OF THE ACTION

1.     Defendants admit the truth of the allegations contained in the first

sentence of paragraph 1 of the complaint.

2.     Defendants deny the truth of each and every allegation contained in the

second sentence of paragraph 1 of the complaint, except admit that on rare occasions a

waiter may have been charged for repetitive violations of company procedure which resulted

in erroneous orders causing customer dissatisfaction and/or adjustments.

3.     Defendants deny the truth of each and every allegation contained in the first

sentence of paragraph 2 of the complaint.

4.     The second sentence of paragraph 2 of the complaint contains a conclusion(s)

of law to which defendants need not respond, and respectfully refer the matter to the court,

but if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation contained therein.

5.      Paragraph 3 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the court, but if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation contained therein, including, without limitation, that defendants violated the FLSA's wage and hour provisions.

6.      Paragraph 4 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the court, but if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation contained therein, including, without limitation, that defendants violated the New York Labor Law, Article 6, section 190, *et seq.* and Article 19 section, 650, *et seq.*

7.      Defendants neither admit nor deny the truth of the allegations contained in paragraph 5 of the complaint.

**THE PARTIES**

8.      Defendants deny knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 6 of the complaint.

9.      Defendants admit the truth of the allegations contained in the second sentence of paragraph 6 of the complaint.

10.     Defendants deny the truth of each and every allegation contained in the third sentence of paragraph 6 of the complaint.

11.     Defendants deny knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 7 of the complaint.

12.     Defendants admit the truth of the allegations contained in the second sentence of paragraph 7 of the complaint.

13.     Defendants deny the truth of each and every allegation contained in the third sentence of paragraph 7 of the complaint.

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in the fourth sentence of paragraph 8 of the complaint.

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 7 of the complaint.

16.     Defendants deny the truth of the allegations contained in the second sentence of paragraph 8 of the complaint, except admit that Mr. Parr was employed periodically during the period October 2002 through December 2008.

17.     Defendants deny the truth of each and every allegation contained in the third sentence of paragraph 8 of the complaint.

18.     Defendants deny knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in the fourth sentence of paragraph 8 of the complaint.

19.     Paragraph 9 of the complaint, contains a conclusion(s) of law to which a response is not required, and Defendants respectfully refer the matter to the court, but if and

to the extent that the court determines that a response is appropriate, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20.     Defendants admit the truth of the allegations contained in the first sentence of paragraph 10 of the complaint.

21.     Defendants deny the truth of each and every allegation contained in the second sentence of paragraph 10 of the complaint.

22.     Defendants admit the truth of the allegations contained in the first and second sentences of paragraph 11 of the complaint.

23.     Defendants deny the truth of the allegations contained in the third sentence of Paragraph 11 of the complaint.

24.     Defendants admit the truth of the allegations contained in the first and second sentences of paragraph 12 of the complaint.

25.     The third sentence of paragraph 12 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the court, but if and to the extent that the court determines that a response is appropriate, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26.     Defendants deny the truth of each and every allegation contained in the second sentence of paragraph 13 of the complaint.

**JURISDICTION AND VENUE**

27.     Paragraph 14 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but if and

to the extent that the court determines that a response is appropriate, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28.     Paragraph 15 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but if and to the extent that the court determines that a response is appropriate, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

29.     Paragraph 16 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the court, but, if and to the extent the conclusion of law implies wrongful conduct by defendants, defendants deny the truth of each and every allegation therein.

## CLASS ACTION ALLEGATIONS

30.     Paragraph 17 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the co, but, if and to the extent the conclusion of law implies wrongful conduct by defendants or that a valid class exists under Rule 23 of the FRCP, defendants deny the truth of each and every allegation therein.

31.     Paragraph 18 of the complaint contains a conclusion(s) of law to which a response is not required, and respectfully refer the matter to the court, and, to the extent the conclusion of law implies that a valid class exists under Rule 23 of the FRCP, defendants deny the truth of each and every allegation therein.

32.     Defendants deny the truth of each and every allegation contained in the first sentence of paragraph 19 of the complaint.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the second sentence of paragraph 19 of the complaint.

34.    Defendants deny the truth of each and every allegation contained in the paragraph 20 of the complaint.

35.    Defendants deny the truth of each and every allegation contained in paragraph 21 of the complaint.

36.    Defendants deny the truth of each and every allegation contained in paragraph 22 of the complaint.

37.    Defendants deny the truth of each and every allegation contained in paragraph 23 of the complaint.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the complaint.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the complaint.

40.    Defendants deny the truth of each and every allegation contained in paragraph 26 of the complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the complaint.

## COLLECTIVE ACTION ALLEGATIONS

42.    Defendants neither admit nor deny the truth of the allegations contained in paragraph 28 of the complaint.

43.      Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first, second and third sentences of paragraph 29 of the complaint.

44.      Defendants deny the truth of each and every allegation contained in the fourth sentence of paragraph 29 of the complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

45.      Defendants deny the truth of each and every allegation contained in paragraph 30 of the complaint.

46.      Defendants neither admit nor deny the truth of each and every allegation contained in paragraph 31 of the complaint, and more particularly deny that there is a requirement under the FLSA or NYLL for defendants to provide a "cozy or enjoyable" work environment.

47.      Defendants deny the truth of each and every allegation contained in paragraph 32 of the complaint.

48.      Defendants deny the truth of each and every allegation contained in paragraph 33 of the complaint.

49.      Defendants deny the truth of each and every allegation contained in paragraph 34 of the complaint.

50.      Defendants deny the truth of each and every allegation contained in paragraph 35 of the complaint.

51.      Defendants deny the truth of each and every allegation contained in paragraph 36 of the complaint.

52.    Defendants deny the truth of each and every allegation contained in paragraph 37 of the complaint, except admit that employees were provided meals free of charge at the beginning of their shifts.

53.    Defendants deny the truth of each and every allegation contained in paragraph 38 of the complaint.

54.    Defendants deny the truth of each and every allegation contained in paragraph 39 of the complaint.

55.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 40 of the complaint.

56.    Defendants deny the truth of each and every allegation contained in the second sentence of paragraph 40 of the complaint.

57.    Defendants deny the truth of each and every allegation contained in paragraph 41 of the complaint.

58.    Defendants deny the truth of each and every allegation contained in paragraph 42 of the complaint.

59.    Defendants deny the truth of each and every allegation contained in the first sentence of paragraph 43 of the complaint.

60.    Defendants admit the truth of the allegations contained in the second sentence of paragraph 43 of the complaint.

61.    Defendants deny the truth of each and every allegation contained in the third and fourth sentences of paragraph 43 of the complaint.

62.    Defendants deny the truth of each and every allegation contained in the first sentence of paragraph 44 of the complaint.

63.    Paragraph 45 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation therein.

64.    Defendants deny each and every allegation contained in paragraph 46 of the complaint, but admit that defendant Faylow Corp utilized the tip credit to calculate the minimum wage permissible under the law.

65.    Defendants deny the truth of each and every allegation contained in paragraph 47 of the complaint.

66.    Defendants deny the truth of each and every allegation contained in the first sentence of paragraph 48 of the complaint except admit that defendants have hosted pre-arranged private parties at Crispo.

67.    Defendants deny the truth of each and every allegation contained in the second, third, fourth and fifth sentences of paragraph 48 of the complaint.

68.    Defendants deny the truth of each and every allegation contained in paragraph 49 of the complaint.

69.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of paragraph 50 of the complaint, except deny that defendants consistently paid employees for fewer hours than were worked by them.

70.     Defendants deny the truth of each and every allegation contained in the second sentence of paragraph 50 of the complaint.

71.     Defendants admit the last sentence of paragraph 50 to the extent that the Aloha computer system recorded the times that employees clocked in and out.

72.     Defendants deny the truth of each and every allegation contained in paragraph 51 of the complaint.

73.     Defendants deny the truth of each and every allegation contained in the paragraph 52 of the complaint except admit that on occasion one or more employees may have worked overtime, but, if so, were compensated according to the law.

74.     Defendants deny the truth of each and every allegation contained in paragraph 53 of the complaint.

75.     Defendants deny the truth of each and every allegation contained in paragraph 54 of the complaint except denies knowledge or information sufficient to form a belief as to whether plaintiff Parr worked any overtime during the spring/summer of 2007.

76.     Defendants deny the truth of each and every allegation contained in paragraph 55 of the complaint.

77.     Defendants deny the truth of each and every allegation contained in paragraph 56 of the complaint.

78.     Defendants deny the truth of each and every allegation contained in the first sentence of paragraph 57 of the complaint.

79.     Defendants deny the truth of each and every allegation of the second sentence of paragraph 57 of the complaint, except admit that servers at the beginning of their shifts were required to prepare their tables, and that servers were not permitted to clock in prior to

the scheduled time for the commencement of their respective shifts, and on occasion managers would adjust the system for servers who clocked prior to the beginning of their shifts.

80.     Defendants deny the truth of each and every allegation contained in the third sentence of paragraph 57 of the complaint except admit that servers were required to clock in on the Aloha computer system when they were scheduled to begin work.

81.     Defendants deny the truth of each and every allegation contained in paragraph 58 of the complaint.

82.     Defendants deny the truth of each and every allegation contained in paragraph 59 of the complaint except admit that on rare occasions a waiter may have been charged for repetitive violations of procedure, which resulted in erroneous orders causing customer dissatisfaction and/or adjustments.

83.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 60 of the complaint.

84.     Defendants deny the truth of each and every allegation contained in paragraph 61 of the complaint.

85.     Defendants deny the truth of each and every allegation contained in paragraph 62 of the complaint.

86.     Defendants deny the truth of each and every allegation contained in paragraph 63 of the complaint.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS

87.     Defendants deny the truth of each and every allegation contained in paragraph 64 of the complaint.

88.     Defendants deny the truth of each and every allegation contained in paragraph 65 of the complaint.

89.     Defendants deny the truth of each and every allegation contained in paragraph 66 of the complaint.

90.     Defendants deny the truth of each and every allegation contained in paragraph 67 of the complaint.

91.     Defendants deny the truth of each and every allegation contained in paragraph 68 of the complaint.

92.     Defendants deny the truth of each and every allegation contained in paragraph 69 of the complaint.

93.     Defendants deny the truth of each and every allegation contained in paragraph 70 of the complaint.

94.     Defendants deny the truth of each and every allegation contained in paragraph 71 of the complaint.

95.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 72 of the complaint.

96.     Defendants deny the truth of each and every allegation contained in paragraph 73 of the complaint.

97.     Defendants deny the truth of each and every allegation contained in paragraph 74 of the complaint.

98.     Defendants deny the truth of each and every allegation contained in paragraph 75 of the complaint.

99.    Defendants deny the truth of each and every allegation contained in paragraph 76 of the complaint.

100.    Defendants deny the truth of each and every allegation contained in paragraph 77 of the complaint.

101.    Defendants deny the truth of each and every allegation contained in paragraph 78 of the complaint.

102.    Defendants deny the truth of each and every allegation contained in paragraph 79 of the complaint.

103.    Defendants deny the truth of each and every allegation contained in paragraph 80 of the complaint.

104.    Defendants deny the truth of each and every allegation contained in paragraph 81 of the complaint.

105.    Defendants deny the truth of each and every allegation contained in paragraph 82 of the complaint.

106.    Defendants deny the truth of each and every allegation contained in paragraph 83 of the complaint.

107.    Defendants deny the truth of each and every allegation contained in paragraph 84 of the complaint.

108.    Defendants deny the truth of each and every allegation contained in paragraph 85 of the complaint.

109.    Defendants deny the truth of each and every allegation contained in paragraph 86 of the complaint.

110.    Defendants deny the truth of each and every allegation contained in paragraph 87 of the complaint.

111.    Defendants deny the truth of each and every allegation contained in paragraph 88 of the complaint.

112.    Defendants deny the truth of each and every allegation contained in paragraph 89 of the complaint.

113.    Defendants deny the truth of each and every allegation contained in paragraph 90 of the complaint.

114.    Defendants deny the truth of each and every allegation contained in paragraph 91 of the complaint.

115.    Defendants deny the truth of each and every allegation contained in paragraph 92 of the complaint.

116.    Defendants deny the truth of each and every allegation contained in paragraph 93 of the complaint.

## FIRST CAUSE OF ACTION

117.    In response to paragraph 94 of the complaint defendants repeat and re-allege their responses to paragraphs 1-93 of the complaint with the same force and effect as if set forth here in full.

118.    Paragraph 95 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation therein.

119.   Defendants deny the truth of each and every allegation contained in paragraph 96 of the complaint.

120.   Paragraph 97 of the complaint fails to define whether by "federal minimal wage" it includes the lawful deductions that defendants were permitted to take, and therefore, defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first and second sentences of paragraph 60 of the complaint, but, admit, to the extent defendants were entitled to deductions, that they were taken.

121.   Paragraph 98 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation therein.

122.   Defendants deny the truth of each and every allegation contained in paragraph 99 of the complaint.

123.   Defendants deny the truth of each and every allegation contained in paragraph 100 of the complaint.

124.   Defendants deny the truth of each and every allegation contained in paragraph 101 of the complaint.

125.   Defendants deny the truth of each and every allegation contained in paragraph 102 of the complaint; defendants deny specifically that they were in violation of the law.

126.   Paragraph 103 of the complaint contains a conclusion(s) of law to which defendants are not required to respond, and respectfully refer them to the court, but, if and to

the extent that the court determines that a response is appropriate, defendants deny the truth of each and every allegation therein.

## SECOND CAUSE OF ACTION

127.    In response to paragraph 104 of the complaint defendants repeat and re-allege their responses to paragraphs 1-103 of the complaint with the same force and effect as if set forth here in full.

128.    Defendants deny the truth of each and every allegation contained in paragraph 105 of the complaint.

129.    Defendants deny the truth of each and every allegation contained in paragraph 106 of the complaint.

130.    Paragraph 107 of the complaint contains a conclusion(s) of law to which defendants are not required to respond, and respectfully refer them to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

131.    Paragraph 108 of the complaint contains a conclusion(s) of law to which defendants are not required to respond, and respectfully refer them to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

132.    Defendants deny the truth of each and every allegation contained in paragraph 109 of the complaint.

133.    Defendants deny the truth of each and every allegation contained in paragraph 110 of the complaint.

134.   Defendants deny the truth of each and every allegation contained in paragraph 111 of the complaint.

135.   Paragraph 112 of the complaint contains a conclusion(s) of law to which defendants are not required to respond, and respectfully refer them to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

136.   Defendants deny the truth of each and every allegation contained in paragraph 113 of the complaint.

137.   Defendants deny the truth of each and every allegation contained in paragraph 114 of the complaint.

138.   Defendants deny the truth of each and every allegation contained in paragraph 115 of the complaint.

139.   Defendants deny the truth of each and every allegation contained in paragraph 116 of the complaint.

140.   Defendants neither admit nor deny the allegation contained in paragraph 117 of the complaint.

### THIRD CAUSE OF ACTION

141.   In response to paragraph 118 of the complaint defendants repeat and re-allege their responses to paragraphs 1-117 of the complaint with the same force and effect as if set forth here in full.

142.   Paragraph 119 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and

to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

143.   Paragraph 120 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

144.   Defendants deny the truth of each and every allegation contained in paragraph 121 of the complaint.

145.   Defendants deny the truth of each and every allegation contained in paragraph 122 of the complaint.

## FOURTH CAUSE OF ACTION

146.   In response to paragraph 123 of the complaint defendants repeat and re-allege their responses to paragraphs 1-122 of the complaint with the same force and effect as if set forth here in full.

147.   Paragraph 124 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

148.   Paragraph 125 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

149.    Defendants deny the truth of each and every allegation contained in paragraph 126 of the complaint.

150.    Defendants deny the truth of each and every allegation contained in paragraph 127 of the complaint.

151.    Defendants deny the truth of each and every allegation contained in paragraph 128 of the complaint.

152.    Defendants neither admit nor deny paragraph 129 of the complaint.

### FIFTH CAUSE OF ACTION

153.    In response to paragraph 130 of the complaint defendants repeat and re-allege their responses to paragraphs 1-129 of the complaint with the same force and effect as if set forth here in full.

154.    Paragraph 131 of the complaint contains a conclusion(s) of law to which a response is not required, and defendants respectfully refer the matter to the court, but, if and to the extent that the court determines that a response is appropriate, the defendants deny the truth of each and every allegation therein.

155.    Defendants deny the truth of each and every allegation contained in paragraph 132 of the complaint.

156.    Defendants deny the truth of each and every allegation contained in paragraph 133 of the complaint.

157.    Defendants deny the truth of each and every allegation contained in paragraph 134 of the complaint.

## AS TO THE COMPLAINT AS A WHOLE

158.    Defendant denies each and every allegation set forth in the Complaint that is not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations contained in the Complaint, and without assuming any burden of proof it does not have as a matter of law, Defendants assert the following:

#### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

159.    The plaintiffs' complaint fails to state a cause of action against some or all of the defendants.

#### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

160.    The complaint fails to set forth facts sufficient to permit collective action or certification of a class under FLSA section 216(b).

#### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

161.    The plaintiffs and putative plaintiffs are not similarly situated under the FLSA.

#### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

162.    Plaintiffs and all purported class members have been paid all amounts due to them under federal and state law.

#### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

163.    Plaintiffs putative class does not have sufficient numerosity, commonality, typicality and adequacy of representation; Defendants have not engaged in wrongful acts

affecting an entire class of people and common questions of fact and law are not predominant over individual questions. The complaint fails to set forth facts sufficient to permit certification of a class under Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

164.    Some or all of the claims in the complaint are barred by the appropriate statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

165.    Some of the allegations pled in the complaint are scandalous in nature, not necessary to plaintiffs' complaint, and should be stricken.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

166.    The complaint is barred, in whole or part by laches, ratification, unclean hands, waiver and/or estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

167.    The defendant Faylow Corp provided plaintiffs with board, contributing towards the  appropriate minimum wage pursuant to 29 USC 203(m).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

168.    Defendants Francis J. Crispo, Crispo and Eugene Crispo, are not employers, nor personally responsible for payment of wages to the plaintiffs pursuant to New York Law.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

169.    Crispo is not an entity, but a trade name, and not an appropriate defendant in this action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

170.     Francis J. Crispo is an employee of the corporate defendant, Faylow Corp. and is not an appropriate defendant in this action.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

171.     There is no privity of contract between Francis J. Crispo and any of the plaintiffs.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

172.     There is no privity of contract between Eugene Crispo and any of the plaintiffs.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

173.     Plaintiffs' state law claims are not appropriate pendent claims to the federal claims in this action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

174.     New York Labor Law does not provide for the bringing of class/collective actions.

### AS AND FOR A SEVENTTEENTH AFFIRMATIVE DEFENSE

175.     In the event evidence becomes available against any of the plaintiffs which would have disqualified them from being hired, or, would have resulted in their termination, had defendant known, then, in that event, those plaintiffs are not entitled to relief herein.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

176.     Defendants did not willfully violate any laws; but acted in good faith and with a reasonable belief that they were complying with federal and state laws.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

177.    Plaintiffs cannot proceed in a class action because the FLSA and its collective action procedure preempt any state law that might otherwise permit class action treatment.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

178.    Plaintiffs do not meet the requirements for collective action under the Federal Rules of Civil Procedure.

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

179.    Defendant Faylow Corp provided employees with board, for which it is entitled to a meal credit that commensurately reduces the amount to which employees would be entitled as wages.

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

180.    Defendants reserve the right to assert additional defenses, including those of which they become aware subsequent to the filing and service of this Answer.

*WHEREFORE,* defendants hereby demand that the plaintiff's complaint be dismissed as against them in its entirety, together with the costs and disbursements of this action.

Dated: New York. New York
      October 28, 2009

                                      Yours. etc.

                                      William J. Dockery (WD 8970)
                                      Attorney for the Defendants
                                      17 Battery Place, Suite #1226
                                      New York, New York 10004
                                      (212) 425-6150

WILLIAM J. DOCKERY (WD 8970)
17 Battery Place, Suite 1226
New York, New York 10004
212-425-6150


Attorney for Named Defendants


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER
and SHAWN PARR, individually and on behalf
of all others similarly situated,
Plaintiffs,                                                    09 Civ. 7749  (RWS)
                -against-
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO
and  EUGENE CRISPO,
                        Defendants.
-------------------------------------------------------------------x

## CORPORATE DISCLOSURE STATEMENT OF FAYLOW CORP

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Faylow

Corp hereby certifies that it is not a publicly held corporation and that no publicly held

corporation owns ten percent or more of the stock.


Dated: New York, New York
       October 28, 2009


By: _____
     William J. Dockery (WD 8970)
     17 Battery Place, Suite 1226
     New York, New York 10004
     212-425-6150


     Attorney for the Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DENNIS BUBLITZ, JOSEPH GALLAGHER
and SHAWN PARR, individually and on behalf
of all others similarly situated,                                    ***AFFIDAVIT***
                                    Plaintiffs,                       ***OF SERVICE***

        -against-                                                     09 Civ. 7749 (RWS)

FAYLOW CORP, CRISPO, FRANCIS J. CRIS
and EUGENE CRISPO,
                                    Defendants.
-----------------------------------------------------------------x

STATE OF NEW YORK        :
                         : ss.
COUNTY OF NEW YORK       :

        Anna Lande, being duly sworn, deposes and says:

        That deponent is not a party to this action, is over 18 years of age and resides at

Brooklyn, New York.

        That on the 29th day of October, 2009, deponent caused a copy of the within

ANSWER to be served by hand to the following attorney at:

TO:     MICHAEL L. SCHWARTZ
        HOROWITZ, HOROWITZ & PARADIS
        405 Lexington Avenue, 61st Floor
        New York, New York 10174

                                                    _____
                                                    Anna Lande

Sworn to before me this
29th day of October, 2008.

_____
Notary Public

WILLIAM J. DOCKERY
Notary Public, State of New York
No. 31-4941754
Qualified in New York County
Commission Expires August 29, 1992  2 0 / 0