```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12 14 09
```

$ubmit /1

RECEIVED
DEC 1 0 2009
JUDGE SWEET CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS BUBLITZ, JOSEPH                    )
GALLAGHER, and SHAWN PARR,                )
individually and on behalf of all         )
others similarly situated,                )
                                          )
                         Plaintiffs,      )   Civil Case No. 09-CV-7749 (RWS)
                                          )
        vs.                               )
                                          )
FAYLOW CORP., CRISPO, FRANCIS J.          )   **ECF Case**
CRISPO and EUGENE CRISPO,                 )
                                          )
                         Defendants.      )
                                          )

## [PROPOSED] SCHEDULING ORDER AND
## RULE 26(f) DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), the parties held a conference on November 18,

2009 to discuss scheduling and discovery issues. Michael A. Schwartz, Esq. and Alyson

C. Bruns, Esq. of the law firm Horwitz, Horwitz & Paradis attended for Plaintiffs, and

William J. Dockery, Esq. attended for Defendants.

### 1. Schedule

The parties were unable to agree on a schedule. Below is each party's position:

### A. Schedule for the Production of Documents:

(i)     The parties served Rule 26(a) initial disclosures on December 2,

2009, in accordance with Fed. R. Civ. P. 26(a)(1)(C).

(ii)    Plaintiffs served *Plaintiffs' First Request for the Production of*

*Documents* on December 2, 2009, pursuant to the Court's order that discovery requests

be exchanged prior to the December 9, 2009 conference. Defendants shall serve its *Document Demand Upon Commencement of Discovery* prior December 9, 2009, pursuant to the Court's order that discovery requests be exchanged prior to the December 9, 2009 conference.

(iii)     The parties' responses to discovery requests shall be served no later than thirty days after the date of service of the requests, in accordance with Fed. R. Civ. P. 34(b)(2)(A).

(iv)     Defendants object to plaintiffs initial disclosures in that it did not provide computation of damages, providing instead a "basis" for damages, which merely summarized their claims and did not provide such information as the minimum wage plaintiffs claim they should be paid, any deductions they believe defendants were entitled to, the wage they claim they were page, all per hour and in the aggregate, such that defendants would be able to comprehend how plaintiffs compute their damages.

**B.     Certification of the FLSA Collective Action:**

**Plaintiffs' Position:**

(i)     Plaintiffs file their motion for provisional certification of the FLSA collective action, pursuant to 29 U.S.C. 216(b), no later than January 15, 2010.

(ii)     Defendants' opposition to plaintiffs' motion for provisional certification of the FLSA collective action due no later than February 15, 2010.

(iii)     Plaintiffs' reply in further support of their motion for provisional certification of the FLSA collective action due no later than March 1, 2010.

2

**Defendants' Position**:

(i)     Named plaintiffs be deposed no later than April 22, 2010 with respect to certification issues.

(ii)    Plaintiffs' motion for provisional certification of the FLSA collective action, pursuant to 29 U.S.C. 216(b), be due no later than June 30, 2010, provided all depositions pertaining to certification and discovery demands then due are completed.

(iii)   Defendants opposition to plaintiffs' motion for provisional certification be due no later than thirty days thereafter or the following business day.

(iv)    Plaintiffs' reply in further support of their motion for provisional certification of the FLSA collection action be due no later than thirty days thereafter or the following business day.

C.      **Amendment of Pleadings:**

**Plaintiffs' Position**:

Last day to amend the pleadings and join additional parties other than additional plaintiffs who timely opt-in by writing, under the FLSA 29 U.S.C. § 216(b), without leave of the Court, be February 1, 2010.

**Defendants' Position**:

Amendment of pleadings and joinder of parties may be made pursuant to prevailing law and the discretion of the court. The time to timely opt-in should be set by the court in an order, provided it certifies the collective action, and need not be determined in this report.

**D.**   **Close of Merits Discovery:**

**Plaintiffs' Position:**

Merits discovery closes May 31, 2010.

**Defendants' Position:**

(i)   All depositions to be completed no later than September 30, 2010

it appearing to defendants, after considering plaintiffs' list of prospective witnesses in

their initial disclosure, that numerous depositions of non-parties will need to be taken.

(ii)   Merits discovery close November 1, 2010.

**E.**   **Expert Discovery:**

**Plaintiffs' Position:**

(i)   Expert reports to be served no later than May 31, 2010.

(ii)   Rebuttal expert reports to be served no later than June 30, 2010.

(iii)   Depositions of expert witnesses conclude no later than July 21,

2010.

(iv)   Expert discovery be completed by July 21, 2010.

**Defendants' Position:**

(i)   Experts reports to be served no later than October 31, 2010.

(ii)   Rebuttal expert reports to be served no later than November 30,

2010.

(iii)   Depositions of expert witness conclude no later than December 20,

2010.

(iv)   Expert discovery to be completed by December 20, 2010.

**F.    Rule 23 Class Certification:**

**Plaintiffs' Position**:

(i)    Plaintiffs' motion for Rule 23 class certification due no later than July 23, 2010.

(ii)    Defendants' motion for de-certification of the FLSA collective action, pursuant to 29 U.S.C. 216(b), if any, due no later than no later than July 23, 2010.

(iii)    Defendants' opposition to plaintiffs' motion for class certification, and plaintiffs' opposition to defendants' motion for de-certification of the FLSA collective action, due no later than August 23, 2010.

(iv)    Plaintiffs' reply in further support of their motion for Rule 23 class certification, and defendants' reply in further support of their motion for de-certification of the FLSA collective action, due no later than September 22, 2010.

**Defendants' Position**:

(i)    Plaintiffs' motion for Rule 23 class certification due no later than January 15, 2011.

(ii)    Defendants' motion for de-certification of the FLSA collective action, pursuant to 29 U.S.C. 216(b), if any, due no later than January 15, 2011.

(iii)    Defendants' opposition to plaintiffs' motion for class certification, and plaintiffs' opposition to defendants' motion for de-certification of the FLSA collective action, due no later than February 15, 2011.

(iv)    Plaintiffs' reply in further support of their motion for Rule 23 class certification, and defendants' reply in further support of their motion for de-certification of the FLSA collective action, due no later than March 15, 2011.

**G.     Discovery and other Non-dispositive Motions:**

(i)     Defendants shall move no later than January 15, 2010 to strike allegations of the complaint which defendants contend are scandalous, scurrilous and improper, merely exists to harass and embarrass the defendants and to "paint them in a bad light" before the court and/or trier of fact, one of the purposes being, among other reasons, to eliminate the need for discovery of same.

**H.     Dispositive Motions:**

**Plaintiffs' Position:**

(i)     Dispositive motion(s), if any, be due no later than October 22, 2010.

(ii)    Opposition(s) to dispositive motion(s), if any, be due no later than November 22, 2010.

(iii)   Replies in further support of dispositive motion(s), if any, be due no later than December 6, 2010.

**Defendants' Position:**

(i)     Dispositive motion(s) and Daubert motions, if any, be due no later than May 1, 2011.

(ii)    Opposition(s) to dispositive motion(s), if any, be due no later than thirty days thereafter or the next business day.

(iii)   Replies in further support of oppositions to dispositive motion(s), if any, be due no later than thirty days thereafter or the next business day.

I. **Pre-trial Order:**

**Plaintiffs' Position:**

The parties' joint pre-trial order be due no later than January 7, 2011.

**Defendants' Position:**

Parties' joint pre-trial order be due no later than August 1, 2011.

J. **Pre-trial Conference**

**Plaintiffs' Position:**

Pre-trial conference be held January 14, 2011.

**Defendants' Position:**

The parties will attend a pre-trial conference date as determined by the court according to its schedule.

2. **Preservation of Computer Systems, Electronically Stored Information (ESI) and Documents**

The parties discussed the preservation of documents and ESI. Defendants' counsel represented that while no litigation hold was in place, Defendants were retaining documents which were in existence at the time of the service of the complaint. Defendants' counsel agreed to speak with his clients about their ESI and participate in a follow up conference to discuss ESI issues with Plaintiffs' counsel.

3. **Anticipated Discovery Areas**

A. **Plaintiffs:**

Plaintiffs anticipate they will require discovery concerning the identity of Crispo employees, including putative Class members; putative Class members' job descriptions; putative Class members' work schedules and hours worked; Defendants' policies and procedures, including pay practices; pay records; service charges; deductions from the

7

wages of and/or charges to putative Class members; the tip credit taken; and the organizational structures of Crispo and Faylow Corp.

    **B.**   **Defendants:**

Defendants anticipate they will require discovery concerning plaintiffs' claims that defendants: violated New York State Labor Law and the FLSA; illegally took a tip credit for their servers; illegally charged tipped hourly employees for mistakes and miscommunications; failed to pay Tipped Hourly employees for all hours worked; failed to pay Tipped Hourly Employees overtime and for attending mandatory meetings and training; illegally required Tipped Hourly Employees to work off the clock and without compensation; illegally retained gratuities it included as mandatory "service; and made illegal deductions from wages. Additionally, defendants anticipate they will require discovery concerning whether there are grounds for plaintiff entitled to a collective action under FLSA 216(b) and a class action under FRCP Rule 23; whether their exists sufficient putative plaintiffs who are similarly situated; whether there is sufficient numerosity, commonality, typicality and adequacy of representation; whether defendants have engaged in wrongful acts affecting an entire class of people and whether common questions of facts and law are predominant over individual questions; the question of board given to employees; the question as to who is an employer; and, privity of contract; as well as any other questions raised under the FLSA or NY Labor Law. Moreover, the defendants object to scandalous and scurrilous material contained in the complaint which defendants contends merely exists to harass and embarrass the defendants and to "paint them in a bad light" before the court and/or trier of fact; nevertheless, unless said material is stricken from the complaint, defendants will need to have discovery of these

allegations which seek to depict defendants as bullying, intimidating, assaulting and otherwise behaving badly to their employees.

4.     **Division of Discovery**

Defendants contend that discovery should divided such that any discovery is limited to 2 years until such time that the court certifies, if ever, a Rule 23 class with respect to plaintiffs' New York Labor Law claims and determines that said claims are appropriate pendent claims to this action.

5.     **Non-waiver**

The parties agree that nothing herein constitutes a waiver of any kind, including as to a party's right to propound discovery not described herein.

6.     **Limitations to Be Placed on Discovery**

A.     The parties will request a protective order be entered in regards to confidential and/or proprietary information.

B.     At the completion of document discovery, the parties will meet and confer as to the number of depositions to be taken.

C.     Defendants contend that all disclosure of the defendants be limited to two years pursuant to the appropriate period of limitations under the FLSA and to FLSA claims.

D.     Defendants contends that certain allegations of the complaint are scandalous, scurrilous and improper, and should be stricken by the court, and intends to move to strike same, to, among other things, eliminate the necessity of engaging in discovery of same. See, III, supra.

7.    **Amendments to Scheduling Order**

**Plaintiffs' Position**:

The parties agree that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

**Defendants' Position**:

The Scheduling Order may be amended at the discretion of the court.

Dated:  December 2, 2009

Horwitz, Horwitz & Paradis,
Attorneys at Law

By: _____
   Michael A. Schwartz, Esq. (MS 2352)
   Alyson C. Bruns, Esq. (AB 7554)

405 Lexington Avenue, 61st Floor
New York, NY 10174
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

William J. Dockery,
Attorney at Law

By: _____
   William J. Dockery, Esq. (WD 8970)

17 Battery Place, Suite 1226
New York, NY 10004
Telephone: (212) 425-6150
Facsimile: (212) 422-5171

SO ORDERED:

_____
Hon. Robert W. Sweet, U.S.D.J.

12-11-09

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she filed the foregoing [PROPOSED] SCHEDULING ORDER AND RULE 26(f) DISCOVERY PLAN with the Judgments Clerk and served the document on counsel of record by e-filing it to the Case Management/Electronic Case Filing system.

This 2nd day of December, 2009.

Alyson C. Bruns