**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DENNIS BUBLITZ, JOSEPH GALLAGHER, )
and SHAWN PARR, individually and on )
behalf of all others similarly situated, )
                                     )
                     Plaintiffs, )
                                       )
       vs. )
                                         )
FAYLOW CORP., CRISPO, FRANCIS J. )
CRISPO and EUGENE CRISPO, )
                                       )
                     Defendants. )
                                       )

Civil Action No. 09-cv-7749 (RWS)

Hon. Robert W. Sweet

ECF Case

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR CONDITIONAL CERTIFICATION OF FAIR LABOR**
**STANDARDS ACT CLAIMS AS A REPRESENTATIVE ACTION**
**PURSUANT TO 29 U.S.C. 216(b) AND TO ISSUE NOTICE**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

FACTS ................................................................................................................. 2

    Defendants' Failure to Pay FLSA Collective Members for All Hours Worked ............ 3

    Defendants Required that FLSA Collective Members Work Off-the-Clock ................. 4

    Defendants' Failure to Pay FLSA Collective Members Overtime ................................. 4

    Defendants' Failure to Pay FLSA Collective Members Minimum Wage ..................... 5

ARGUMENT ....................................................................................................... 5

    I.    A Collective Action Under the FLSA .................................................. 5

    II.    The Standard for Conditionally Certifying a Collective Action .......................... 7

    III.    Plaintiffs Have Pled They Are Similarly Situated,
          Meeting the Burden for Conditional Certification ............................................. 10

    IV.    Early Notice to Similarly Situated FLSA Collective
          Members Is Appropriate and Necessary ............................................................ 13

    V.    The Court Has the Power to Authorize Notice .................................................. 14

    VI.    The Proposed Notice Is Timely, Accurate and Informative .............................. 14

CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Canales v. 115 Broadway Corp.*, No. 09 Civ. 4674, 2009 U.S. Dist. LEXIS 86745
(S.D.N.Y. Sept. 22, 2009) (Sullivan, J.) ...................................................................7, 8, 9, 10

*Cook, et al. v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) (Scheindlin, J.)..................6, 13, 14

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) (Robinson,
J.)..................................................................................................................................7, 8

*Delaney v. Geisha NYC, LLC, et al.*, No. 09-cv- 1458, 2009 U.S. Dist. LEXIS
87381 (S.D.N.Y. Sept. 22, 2009) (Pauley, J.)................................................................. *passim*

*Ebbert v. Nassau County*, No.05-cv-5445, 2007 U.S. Dist. LEXIS 58344
(E.D.N.Y. Aug. 9, 2007)...........................................................................................6

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007)
(Batts, J.)...............................................................................................................8, 15

*Foster v. Food Emporium*, No. 99-cv-3860, 2000 U.S. Dist. LEXIS 6053
(S.D.N.Y. 2000) (McMahon, J.) ...............................................................................7, 8, 13, 14

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003)
(Smith, J.).............................................................................................................7, 9

*Higueros v. New York State Catholic Health Plan, Inc.*, No. 07-418, 2009 U.S.
Dist. LEXIS 97409 (E.D.N.Y. Oct. 21, 2009) (Boyle, J.) ...........................................6

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) (Sotomayor, J.).......................8, 9, 13

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989).........................................................6, 14

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007)
(McMahon, J.).......................................................................................................1

*Krueger, et al. v. New York Telephone Co. and NYNEX Corp.*, No. 93-cv-0178,
1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 20, 1993) (McKenna, J.) .............................9, 13

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022
(S.D.N.Y. Aug. 17, 2005) (Mukasey, J.) ...................................................................6

*Realite v. Ark Restaurants Corp.*, 7 F. Supp.2d 303 (S.D.N.Y. 1998) (Sotomayor,
J.)..................................................................................................................................9, 10, 12

*Searson v. Concord Mortgage Corp.,* No. 07-cv-3909, 2009 U.S. Dist. LEXIS
88926 (E.D.N.Y. Aug. 31, 2009)..............................................................................7, 9

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) (Gorenstein, J.) ......................9

*Zivali v. AT&T Mobility LLC*, No. 08 Civ. 10310, 2009 U.S. Dist. LEXIS 74420
(S.D.N.Y. Aug. 21, 2009) (Rakoff, J.)............................................................................ *passim*

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

29 U.S.C. 216(b) .....................................................................................................................1, 5, 6

29 U.S.C. § 255 ............................................................................................................................13

29 U.S.C.S. § 256(b) ................................................................................................................6, 13

Rule 23 of the Fed. R. Civ. P. ...................................................................................................8, 13

Plaintiffs Dennis Bublitz, Joseph Gallagher, and Shawn Parr ("Plaintiffs"), through their undersigned attorneys, respectfully submit this Memorandum of Law in support of Plaintiffs' motion for conditional certification of the Fair Labor Standards Act ("FLSA") claims asserted herein as a representative opt-in (*i.e.,* collective) action, pursuant to 29 U.S.C. 216(b), on behalf of all individuals presently or formerly employed at Crispo restaurant as servers, bartenders, and bussers from three years from date of notice to present (the "FLSA Collective"), and to issue notice to the FLSA Collective.

## INTRODUCTION

Plaintiffs filed this lawsuit on September 8, 2009 claiming defendant Crispo restaurant and its owners: (1) failed to pay FLSA Collective members - Crispo's present and former servers, bartenders, and bussers (*i.e.,* "Tipped Hourly Employees") - for all hours worked, (2) failed to pay the FLSA Collective members overtime, (3) made illegal deductions from the wages of the FLSA Collective members, (4) failed to pay the FLSA Collective members minimum wage,[1] and (5) illegally retained gratuities customers intended to go to the members of the FLSA Collective. Plaintiffs have alleged violations of the FLSA and New York Labor Law ("NYLL").[2]

Plaintiffs now move for an Order (1) conditionally certifying their FLSA claims as a representative opt-in action, pursuant to 29 U.S.C. 216(b), on behalf of the FLSA

---

[1]    If the Court, after discovery, finds the servers were not similarly situated because Defendants failed to pay them minimum wage in addition to the FLSA violations common to the other members of the FLSA Collective, it may divide the FLSA Collective into subclasses. *See,* e.g, *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007) (McMahon, J.).

[2]    Plaintiffs will move for certification of a Rule 23 Class with respect to the NYLL claims at an appropriate time after discovery.

Collective; (2) compelling the production of the identity of FLSA Collective members, including, names, last known addresses and telephone numbers, Social Security numbers, and dates of employment; (3) approving the proposed form of Notice of the FLSA Collective Action (the "Notice") and Consent Form  (attached to the Declaration of Alyson C. Bruns submitted herewith ("Bruns Decl.") as Exhibits A and B, respectively); (4) directing that Notice and the Consent Form be mailed to putative FLSA Collective members; and (5) directing Defendants to post of the Notice and Consent Form in a conspicuous location in Crispo restaurant.

As discussed below, Plaintiffs readily satisfy the "lenient evidentiary standard" for conditional certification of their FLSA claims. *See Delaney v. Geisha NYC, LLC, et al.,* No. 09-cv- 1458, 2009 U.S. Dist. LEXIS 87381, at *6-7 (S.D.N.Y. Sept. 22, 2009) (Pauley, J.); *see also Zivali v. AT&T Mobility LLC*, No. 08 Civ. 10310, 2009 U.S. Dist. LEXIS 74420, at *4-5 (S.D.N.Y. Aug. 21, 2009) (Rakoff, J.) ("The standard for this determination is not a particularly stringent one").

## FACTS

Crispo is an Italian restaurant located in the heart of Manhattan's Chelsea and West Village neighborhoods. Cplt., ¶ 1.  Since Crispo's opening in 2002, Defendants have violated federal and state labor laws as a result of the illegal labor practices at Crispo. *See* Cplt. ¶ 1, Affidavit of Dennis Bublitz ("Bublitz Aff., __," annexed to the Bruns Decl., as Exh. C), ¶¶ 4-10; Affidavit of Joseph Gallagher ("Gallagher Aff., __," annexed to the Bruns Decl., as Exh. D), ¶¶ 4-10; Affidavit of Shawn Parr ("Parr Aff., __," annexed to the Bruns Decl., as Exh. E), ¶¶ 4-10; Affidavit of Alexandra Carillo-Vaccino ("Carillo-Vaccino Aff., __," annexed to the Bruns Decl. as Exh. F) ¶¶ 4-10.

Plaintiff Dennis Bublitz was a server at Crispo from September/October 2004 to November 2008.  Bublitz Aff., ¶ 3.  Plaintiff Joseph Gallagher was a server at Crispo from May 2005 to August 2005, from May 2006 to August 2006 and from May 2007 to February 2008.  Gallagher Aff., ¶ 3.  Plaintiff Shawn Parr was a server at Crispo from October 2002 to December 2008.  Parr Aff., ¶ 3.  All three Plaintiffs and similarly situated FLSA Collective members were or are Tipped Hourly Employees of defendant Crispo and are covered by the protections of the FLSA.  Cplt. ¶ 1, 10; Bublitz Aff., ¶¶ 3-4; Gallagher Aff., ¶¶ 3-4; Parr Aff., ¶ 3-4.

As Tipped Hourly Employees of Crispo, Plaintiffs and similarly situated FLSA Collective members were subject to the same illegal pay policies and practices of Defendants' that violated the FLSA.  Cplt. ¶ 29; Bublitz Aff., ¶ 4; Gallagher Aff., ¶ 4; Parr Aff., ¶ 4; Carillo-Vaccino Aff., ¶4.

**Defendants' Failure to Pay FLSA Collective Members for All Hours Worked**

Defendants violated the FLSA by illegally and intentionally failing to pay FLSA Collective members for all hours worked.  Defendants devised a scheme to cheat their employees by manipulating the Tipped Hourly Employees' time for which they had clocked in to report for work. Cplt. ¶ 50; Bublitz Aff.; ¶¶ 5-6, Gallagher Aff.; ¶¶ 5-6, Parr Aff.; ¶¶ 5-6; Carillo-Vaccino Aff. 5-6.  Defendants carried out this scheme by directing Crispo managers and assistant managers to downwardly adjust the Tipped Hourly Employees' hours in the Aloha computer system – the computer program that employees were required to use in order to clock in and out of work, and pursuant to which their paychecks were based.  Cplt., ¶¶ 50; Bublitz Aff., ¶¶ 5-6; Gallagher Aff., ¶¶ 5-6; Parr Aff., ¶¶ 5-6; Carillo-Vaccino Aff., ¶¶ 5-6.

During a typical work week, Plaintiffs and the similarly situated FLSA Collective members worked on average between 23 and 45 hours, but were consistently not paid for at least two to three hours a week of the hours for which they actually worked and clocked in, in violation of the FLSA.  Cplt. ¶ 50; Bublitz Aff., ¶ 5; Gallagher Aff., ¶ 5; Parr Aff., ¶ 5; Carillo-Vaccino Aff., ¶ 5.

## Defendants Required that FLSA Collective Members Work Off-the-Clock

In addition to not paying FLSA Collective members for the total number of weekly hours for which they clocked in and actually worked, Defendants further violated the FLSA by requiring the FLSA Collective members to work while they were clocked out, thereby forcing them to work "off-the-clock" and without compensation.  Cplt., ¶¶ 55-58; Bublitz Aff., ¶ 8; Gallagher Aff., ¶ 8; Parr Aff., ¶ 8; Carillo-Vaccino Aff., ¶ 8.

For example, FLSA Collective members would perform "side work" (such as filling salt shakers before their shifts), closing work (such as calculating the nightly tips), and attending mandatory training sessions for which they were not allowed to clock in and for which they were subsequently not paid, all in violation of the FLSA.  Cplt. ¶¶ 57-58;  Bublitz Aff., ¶ 8; Gallagher Aff., ¶ 8; Parr Aff., ¶ 8; Carillo-Vaccino Aff., ¶ 8.

## Defendants' Failure to Pay FLSA Collective Members Overtime

Defendants additionally violated the FLSA by refusing to pay the FLSA Collective members overtime for hours worked over 40 hours in a workweek.  Cplt., ¶¶ 50, 52-54; Bublitz Aff., ¶ 7; Gallagher Aff., ¶ 7; Parr Aff., ¶ 7; Carillo-Vaccino Aff., ¶ 7.

For example, during the spring/summer of 2007, Plaintiff Parr worked several hours of overtime for which he was not compensated.  Cplt., ¶ 54; Parr Aff., ¶ 7.  When he asked assistant manager Jill Schuster why he was not being paid for the overtime he

was consistently working, Ms. Schuster purportedly asked Defendant Frank Crispo and returned to Mr. Parr with the answer that *Defendants "did not pay overtime"* and that his overtime hours "would be added to a week when he worked under 40 hours." Cplt., ¶ 54 (emphasis added); Parr Aff., ¶ 7.  Consequently, Plaintiff Parr never received any pay for the overtime hours he worked.  Cplt., ¶ 54; Parr Aff., ¶ 7.  Similarly other FLSA Collective members were also not paid overtime for the overtime hours they worked. Cplt., ¶¶ 50-51; Bublitz Aff., ¶ 7; Gallagher Aff., ¶ 7; Parr Aff., ¶ 7; Carillo-Vaccino Aff., ¶ 7.

**Defendants' Failure to Pay FLSA Collective Members Minimum Wage**

Defendants, moreover, violated the FLSA by unlawfully taking a "tip credit" in order to pay Crispo's servers less than minimum wage.  Cplt., ¶ 47; Bublitz Aff., ¶ 9; Gallagher Aff., ¶ 9; Parr Aff., ¶ 9; Carillo-Vaccino Aff., ¶ 9.

Pursuant to the FLSA, employers are allowed to take a "tip credit" where hourly employees receive "tips" or gratuities as part of their compensation, which allows employers to pay tipped employees at a rate below the federal minimum wage.  Cplt., ¶ 45.  To avail themselves to the "tip credit," however, employers must notify the tipped employees that they are taking the tip credit, which Defendants failed to do.  Cplt., ¶¶ 45-47; Bublitz Aff., ¶ 9; Gallagher Aff., ¶ 9; Parr Aff., ¶ 9; Carillo-Vaccino Aff., ¶9.

## ARGUMENT

### I.     A Collective Action Under the FLSA

Under the FLSA, a plaintiff may bring a collective action on "behalf of himself . . . and other employees similarly situated."  29 U.S.C. 216(b).  However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to

5

become such a party and such consent is filed in the court in which the action is brought."
*Id.* Thus, a collective action under the FLSA is different than a class action in that it requires similarly-situated plaintiffs to "opt-in" to the lawsuit by filing a written consent with the court. *See, e.g., Zivali*, 2009 U.S. Dist. LEXIS 74420, at *3; *Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *13 (S.D.N.Y. Aug. 17, 2005) (Mukasey, J.).

Because of this "opt-in" requirement, the statute of limitations continues to run on a potential FLSA Collective member's claim until he or she files written consent with the Court. 29 U.S.C.S. § 256(b). For this reason, courts determine at an early stage whether an FLSA collective should be conditionally certified. *See, e.g., Cook, et al. v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) (Scheindlin, J.) ("Of particular concern to this court is the likelihood that without notice . . . employees who may be entitled to liquidated damages will eventually be barred by the FLSA's . . . statute of limitations . . . . [I]f prospective class members are not notified and given the opportunity to join this action, their claims will be time-barred.").

Collective actions are favored under the law because they allow for the "efficient resolution in one proceeding of common issues of law and fact" and provide plaintiffs the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).[3]

---

[3]    *See also, Higueros v. New York State Catholic Health Plan, Inc.*, No. 07-418, 2009 U.S. Dist. LEXIS 97409, at *6-7 (E.D.N.Y. Oct. 21, 2009) (Boyle, J.) (collective action is "intended to afford plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." (internal citations omitted)); *Ebbert v. Nassau County*, No.05-cv-5445, 2007 U.S. Dist. LEXIS 58344, at *5-6 (E.D.N.Y. Aug. 9, 2007)(same).

## II.    The Standard for Conditionally Certifying a Collective Action

Courts employ a two-stage process under the FLSA to determine certification of a collective action. *See, e.g., Searson v. Concord Mortgage Corp.*, No. 07-cv-3909, 2009 U.S. Dist. LEXIS 88926, at *10-11 (E.D.N.Y. Aug. 31, 2009). First, "the court looks at the **pleadings and affidavits** to determine whether the class members are similarly situated. If from those documents the court finds the class members are similarly situated, it will conditionally certify the class and permit notice to be sent to the proposed plaintiffs."[4] *Id.* at *11 (emphasis added). The court at this initial stage is not being asked to determine the merits. *See, e.g., Foster v. Food Emporium*, No. 99-cv-6053, 2000 U.S. Dist. LEXIS 6053, at *3 (S.D.N.Y. 2000) (McMahon, J.). The "standard governing the factual basis for certification at this early stage is," in fact, "relatively permissive since the motion comes before discovery has commenced in earnest." *Zivali*, 2009 U.S. Dist. LEXIS 74420, at *9; *see also Delaney*, 261 F.R.D. at 58 (holding that "the standard for conditionally certifying a collective action is a 'lenient evidentiary standard'") (internal citations omitted)).[5]

---

[4]    *See also Foster*, 2000 U.S. Dist. LEXIS 6053, at *3 (holding a Court first determines whether class members are similarly situated based on pleadings and affidavits to conditionally certify an FLSA Collective); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007) (Robinson, J.) (same); *Canales v. 115 Broadway Corp.*, No. 09 Civ. 4674, 2009 U.S. Dist. LEXIS 86745, at *2-3 (S.D.N.Y. Sept. 22, 2009) (Sullivan, J.) (same); *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003) (Smith, J.) (holding "[o]nce the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated").

[5]    Indeed, here the parties have already engaged in some discovery. The parties have exchange initial disclosures; Plaintiffs have produced their documents concerning their employment at Crispo to Defendants; and Defendants have produced the Tipped Hourly Employees time records from the Aloha system from September 2008 through August 2009 to Plaintiffs.

In the second stage, which takes place *after* discovery "the employer can move to decertify the class if discovery reveals that the plaintiffs are in fact not similarly situated." *Id.*

Thus, unlike a Rule 23 class action, conditional certification of an FLSA collective action at the early stages of litigation "does not require a showing of numerosity, typicality, commonality and representativeness." *See Zivali* 2009 U.S. Dist. LEXIS 74420, at *4. "The strict requirements of Rule 23 of the Fed. R. Civ. P. do not apply to the FLSA 'collective actions'.... Rather, Plaintiff must meet only one threshold requirement: Whether the other members of the proposed collective action are 'similarly situated.'" *Foster*, 2000 U.S. Dist. LEXIS 6053, at * 3 (citing *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) (Sotomayor, J.)).

Even though the FLSA and its accompanying regulations have not defined what it means to be "similarly situated" (*see, e.g., Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (Batts, J.)), courts have held that "when determining whether a matter should proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA." *Id.* Courts have held plaintiffs' burden of showing the proposed class members are similarly situated is "minimal."[6] Indeed, this minimal burden is satisfied by "making a modest factual showing sufficient to demonstrate that [plaintiffs] and potential plaintiffs together were victims of a common policy or plan that

---

[6] *See, e.g., Fasanelli*, 516 F. Supp. 2d at 321; *Cuzco v. Orion Builders, Inc.*, 477 F. Supp.2d, 628, 632-33 (S.D.N.Y. 2007); *Canales v. 115 Broadway Corp.*, No. 09 Civ. 4674, 2009 U.S. Dist. LEXIS 86745, at *3 (S.D.N.Y. Sept. 22, 2009) (Sullivan, J.); *Fasanelli*, 516 F. Supp. 2d. at 321; *Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.) (holding "[t]he burden on plaintiffs is not a stringent one").

violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (Sotomayor, J.).[7]

Thus, this Court need only determine whether there is a "factual nexus" between Plaintiffs' situation and the situation of the putative FLSA Collective.[8]  *Delaney*, 261 F.R.D. at 58.   This determination is made by looking "at the **pleadings and affidavits** to determine whether the class members are similarly situated." *Searson*, 2009 U.S. Dist. LEXIS 88926, at *10-11.

Once a plaintiff satisfies this "minimal burden," the court conditionally certifies the collective and provides for notice to be sent to potential plaintiffs so that they may "opt-in" to the action and toll the statute of limitations on their FLSA claims. *See, e.g.*, *Canales*, 2009 U.S. Dist. LEXIS 86745, at *3.

Moreover, conditional certification does not prejudice the Defendants because the initial certification of the collective action under 216(b) of the FLSA is **conditional**, *i.e.*, *after* discovery when the record is more complete, comes the second step when Defendants have the opportunity to move for decertification of the class. *See, e.g.*, *Zivali*, 2009 U.S. Dist. LEXIS 74420, at *6.  Thus, *after* discovery the court looks with greater scrutiny to determine if members of the class, including those who have opted in, are

---

[7]     *See also Gjuvorich*, 282 F. Supp. 2d at 104 (same); *Hoffman*, 982 F. Supp.  at 261; *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (Gorenstein, J.)(same); *Canales*, 2009 U.S. Dist. LEXIS 86745, at *3 (same).

[8]     Indeed, "even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this [early] stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in [the] case." *Krueger, et al. v. New York Telephone Co. and NYNEX Corp.*, No. 93-cv-0178, 1993 U.S. Dist. LEXIS 9988, at *6 (S.D.N.Y. July 20, 1993) (McKenna, J.) (conditionally certifying a class under the ADEA which incorporates the provisions of the FLSA).

similarly situated. *See Canales*, 2009 U.S. Dist. LEXIS 86745, at \*4. If the court is satisfied that the collective is similarly situated at the second stage of the inquiry, the collective action proceeds on to trial. *See id.*

### III.    Plaintiffs Have Pled They Are Similarly Situated, Meeting the Burden for Conditional Certification

Plaintiffs have made more than a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *See, e.g., Realite*, 7 F. Supp at 104. As detailed herein, both the allegations in the Complaint and attestations in the Plaintiffs' Affidavits readily demonstrate that Plaintiffs and other FLSA Collective members are similarly situated, easily meeting this "minimal burden."

Plaintiffs brought this action on behalf of themselves and all other similarly situated FLSA Collective members (*i.e.,* the present and former Crispo Tipped Hourly Employees). Cplt., ¶ 28. As set forth in Plaintiffs' Affidavits, there are approximately 50 FLSA Collective members who worked at Crispo over the past three years. Bublitz Aff., ¶ 10; Gallagher Aff., ¶ 10; Parr Aff., ¶ 10; Carillo-Vaccino Aff., ¶ 10. Plaintiffs allege that the FLSA Collective members are similarly situated because, *inter alia*, they "have had substantially similar job requirements and pay provisions, and have been subject to Defendants' pay policies and practices, including, but not limited to failing to compensate Plaintiffs and the FLSA Collective" and accordingly, these similarly situated present and former Crispo employees have been damaged by Defendants' conduct. Cplt., ¶ 29. Plaintiffs' Affidavits further attest to the fact that the FLSA Collective members "were all subject to Defendants' common pay policies and practices, which resulted in the Tipped Hourly Employees not receiving the compensation to which they were entitled." Bublitz

Aff., ¶ 4; Gallagher Aff., ¶ 4; Parr Aff., ¶ 4; Carillo-Vaccino Aff., ¶ 4; *see also* Cplt., ¶ 1 (FLSA Collective members were subject to Defendants' "illegal labor practices at Crispo"). These common illegal pay practices and policies include, as Plaintiffs assert, failure to pay FLSA Collective members for all hours worked, failure to pay overtime, failure to pay for off-the-clock work, and failure to pay servers minimum wage by taking an illegal tip credit in violation of the FLSA. Cplt., ¶¶ 1, 44; Bublitz Aff., ¶¶ 4-10; Gallagher Aff., ¶¶ 4-10; Parr Aff., ¶¶ 4-10; Carillo-Vaccino Aff., ¶¶ 4-10.

Plaintiffs allege that "Plaintiffs and those similarly situated worked on average between 23 and 45 hours, but were consistently paid at least two to three hours a week less than the hours for which they clocked in, and even less when they worked over 40 hours." Cplt., ¶ 50; *see also* Bublitz Aff., ¶¶ 5-7; Gallagher Aff., ¶¶ 5-7; Parr Aff., ¶¶ 5-7; Carillo-Vaccino Aff., ¶¶ 5-7. As stated in the Complaint, and supported by Plaintiffs' Affidavits, "[t]his was done by Defendants and their managers, at Defendants' instruction, downwardly adjusting the Tipped Hourly Employees hours worked in the Aloha computer system." Cplt., ¶ 50; *see also* Bublitz Aff., ¶ 5; Gallagher Aff., ¶ 5; Parr Aff., ¶ 5; Carillo-Vaccino Aff., ¶ 5. Defendants' "practice of not paying Tipped Hourly Employees for all hours actually worked affected *all* Tipped Hourly Employees." Cplt., ¶ 51; Bublitz Aff., ¶ 6; Gallagher Aff., ¶ 6; Parr Aff., ¶ 6; Carillo-Vaccino Aff., ¶ 6 (emphasis added).

These allegations are squarely supported by the discovery produced by Defendants. For example, the time records from the Aloha system for September 2008 through August 2009 clearly demonstrate that on *a weekly basis* Crispo managers and assistant managers went into the Aloha computer system and changed the hours FLSA

Collective members clocked-in to work.  *See* Bruns Decl, Exh. G.  Such evidence more than satisfies the "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *See Realite*, 7 F. Supp at 104; *see also Zivali*, 2009 U.S. Dist. LEXIS 74420, at *9 ("[T]he standard governing the factual basis for certification at this early stage is," in fact, "relatively permissive . . .").

Plaintiffs further allege that "Plaintiffs and those similarly situated worked overtime from time to time, but Defendants reduced their hours in the Aloha computer system so that their pay reflected that they did not work over 40 hours in a work week – willfully refusing to pay overtime."  Cplt., ¶ 52; *see also* Bublitz Aff., ¶¶ 5-7; Gallagher Aff., ¶¶ 5-7; Parr Aff., ¶¶ 5-7; Carillo-Vaccino Aff., ¶¶ 5-7; Bruns Decl., Exh. G.  One of Crispo's managers, in fact, explained to Plaintiff Parr that Defendants "did not pay overtime."  Cplt., ¶ 54; Parr Aff., ¶ 7.

Plaintiffs also plead "[i]n addition to deducting the Tipped Hourly Employees weekly pay for which they had clocked in, Defendants regularly required that employees work 'off the clock,' *i.e.*, without being paid."  Cplt., ¶ 55; *see also* Bublitz Aff., ¶ 8, Gallagher Aff., ¶ 8, Parr Aff., ¶ 8; Carillo-Vaccino Aff., ¶ 8.  For example, the Complaint alleges that servers and bartenders are required to attend staff meetings for which they are not compensated.  Cplt., ¶ 34.; Bublitz Aff., ¶ 8, Gallagher Aff., ¶ 8, Parr Aff., ¶ 8; Carillo-Vaccino Aff., ¶8.

Plaintiffs allege that Defendants did not pay Plaintiffs and other similarly-situated servers the full minimum wage, but instead illegally availed themselves to a tip credit to

pay them less than minimum wage. Cplt., ¶¶ 46-47; Bublitz Aff., ¶ 9; Gallagher Aff., ¶ 9; Parr Aff., ¶ 9; Carillo-Vaccino Aff., ¶ 9.

Thus, Defendants' common policies and practices affected Plaintiffs and all other members of the FLSA Collective similarly, and Plaintiffs and the other FLSA Collective members sustained similar losses, injuries, and damages arising from Defendant's unlawful conduct of improper pay practices.

## IV.    Early Notice to Similarly Situated FLSA Collective Members Is Appropriate and Necessary

Early notice to similarly situated members of the FLSA Collective is appropriate and necessary because, unlike a Fed. R. Civ. P. Rule 23 class action, the statute of limitations was not tolled by the filing of the Complaint, but instead, it continues to run for each potential plaintiff until he or she opts in. 29 U.S.C. §§ 255, 256(b).[9] Notice, therefore, should be given as soon as practicable "because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, at *5; *see also Cook*, 109 F.R.D. at 83 (finding that "if prospective class members are not notified and given the opportunity to join this action, their claims will be timed-barred").[10]

---

[9]    *See also Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (noting the statute of limitations continues to run against each putative class member until he or she receives notice and affirmatively opts into the action).

[10]    *See also Cook*, 109 F.R.D. at 83 (holding "if prospective class members are not notified and given the opportunity to join the action, their claims will be time-barred"); *Delaney*, 2009 U.S. Dist. LEXIS 87381, at *6 (stating that "[t]he statute of limitations continues to run on a potential [FLSA] class member's claim until he or she files written consent with the Court."); 29 U.S.C. § 256(b).

Furthermore, notification at the early stage rather than after discovery "may enable more efficient resolution of the underlying issues in the case." *Krueger*, 1993 U.S. Dist. LEXIS 9988, at *6.

## V.   The Court Has the Power to Authorize Notice

The Court has the power to authorize notice:

> The [court's] power to authorize notice can . . . be inferred from the very nature of a representative action.  Certainly it is "unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion." Without such notice, prospective plaintiffs would be unaware of the action and their right to participate as class members.  They would be left to depend on rumor and chance to hear of the pending suit.

*Cook*, 109 F.R.D. at 83 (internal citations omitted).  *See also Foster*, 2000 U.S. Dist. LEXIS 6053, at * 3 (holding that "[t]he Second Circuit has held that a district court has the power to order that notice be given to other potential members of a plaintiff class under the 'opt in' provisions of the FLSA").

Indeed, "[c]ourt authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-La Roche Inc*, 493 U.S. at 172.

## VI.   The Proposed Notice Is Timely, Accurate and Informative

The content of the notice is left to the court's discretion under the FLSA. *Delaney*, 2009 U.S. Dist. LEXIS 87381, at *10.  "'Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to

participate.'" *Delaney*, 2009 U.S. Dist. LEXIS 87381, at *10 (approving plaintiffs' proposed notice) (citing *Fasanelli*, 516 F. Supp. 2d at 323).  Notice should be "timely, accurate, and informative." *Hoffman-La Roche Inc*, 493 U.S. at 172.

The proposed Notice (Bruns Decl., Exh. A) is timely, accurate, and informative. The Notice describes the action, gives clear instructions on how to opt in, and accurately states the FLSA's prohibition on retaliation for participation in the action.  The Notice achieves the goal of providing putative FLSA Collective members with "accurate and timely notice concerning the pendency of the collective action, so that they may make an informed decision about whether to participate." *Fasanelli*, 516 F. Supp 2d at 323.

The putative FLSA Collective members, furthermore, should have the right to make an informed choice as to whether they will join the FLSA collective action. Appropriate notice from the Court will enable the putative FLSA Collective members to decide if they wish to join the action.  Accordingly, the Notice should be adopted as well as the Consent Form that enables the FLSA Collective members to opt-in.

### CONCLUSION

On the basis of the foregoing, Plaintiffs request that the Court order that: (1) the action be conditionally certified as a representative action on behalf of the FLSA Collective members; (2) Defendants be ordered to provide Plaintiffs with the last known addresses, telephone numbers and dates of birth and social security numbers for the FLSA Collective members so that notice may be given; (3) Plaintiffs be authorized to issue the Notice and Consent Forms to FLSA Collective members; and (5) Defendants post the Notice and Consent Forms in a conspicuous location in Crispo restaurant.

Dated:  New York, New York
        May 4, 2010

**HORWITZ, HORWITZ & PARADIS,
ATTORNEYS AT LAW**

By:    _/s/ Michael A. Schwartz_
       Michael A. Schwartz
       Alyson C. Bruns

405 Lexington Avenue, 61st Floor
New York, New York 10174
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

## CERTIFICATION OF SERVICE

I, Michael A. Schwartz, hereby certify that on this 4th day of May, 2010, I caused true and correct copies of:

- Notice of Motion for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action Pursuant to 29 U.S.C. 216(b) and to Issue Notice

- Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action Pursuant to 29 U.S.C. 216(b) and to Issue Notice

- Declaration of Alyson C. Bruns in Support of Plaintiffs' Motion for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action Pursuant to 29 U.S.C. 216(b) and to Issue Notice

- [Proposed] Order for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action Pursuant to 29 U.S.C. 216(b) and to Issue Notice

to be served by e-filing it to the Case Management/Electronic Case Filing system, and by

U.S. mail, on the following counsel of record:

William J. Dockery, Esq.
17 Battery Place, Suite 1226
New York, NY 10004
Telephone: (212) 425-6150
Facsimile: (212) 422-5171

/s/ *Michael A. Schwartz*