UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER )
and SHAWN PARR, individually and on behalf )
of all others similarly situated, )
                            Plaintiffs, )
  )
  )
      -against- )
  )
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO )
and EUGENE CRISPO, )
                    Defendants. )
------------------------------------------------------------x

**09 Civ. 7749 (RWS)**

Hon. Robert W. Sweet

ECF Case

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FAIR LABOR STANDARDS ACT CLAIMS AS A REPRESENTATIVE ACTION PURSUANT TO 29 U.S.C. 216(b) AND TO ISSUE NOTICE

# TABLE OF CONTENTS

**INTRODUCTION** ………………………………………………………… 1

**FACTS**………………………………………………………………………... 1

**ARGUMENT** …………………………………………………………… 2

    I.    PLAINTIFFS' AFFIDAVITS ARE CONCLUSORY, ONLY
PERTAIN TO OTHER TIPPED EMPLOYEES, AND CONSEQUENTLY
ARE OF NO PROBATIVE VALUE, AND DO NOT FORM A BASIS FOR
CONDITIONAL FLSA CERTIFICATION………………………………….. 2

    II.    PLAINTIFFS PROPOSED NOTICE TO PUTATIVE
SIMILARLY SITUATED EMPLOYEES IS DEFECTIVE BECAUSE IT FAILS
TO FULLY INFORM RECEPIENTS REGARDING THE BASIS FOR, AND
THE CONSEQUENCES OF "OPTING-IN"……………………………………. 5

    III.    PLAINTIFFS' PROPOSED ORDER IS OVERLY BROAD
AND INAPPROPRIATE AT THIS STAGE OF THE LITIGATION IN THAT
IT SEEKS INHERENTLY PRIVATE INFORMATION SUCH AS SOCIAL
SECURITY AND TELEPHONE NUMBERS AND POSTING OF THE
NOTICE AND CONSENT FORMS IN A CONSPICUOUS LOCATION AT
CRISPO RESTAURANT………………………………………………….. 7

**CONCLUSION** ………………………………………………………… 8

## TABLE OF AUTHORITIES

*Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 253-55 (M.D.Tenn. 1996)............... 6

*Chowdhury v. Duane Reade, Inc.,* No. 06-2295, 2007 WL 2873929
    (S.D.N.Y. Oct. 2, 2007)............................................................. 7

*Colozzi v. St. Joseph's Hospital* 595 F. Supp.2d 200 (N.D.N.Y. 2009)............... 7

*Garcia v. Elite Labor Service, Ltd.*, 1996 WL 33500122, *4
    (N.D.Ill. July 11, 1996)........................................................... 6

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).. 6

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)............................. 4, 5

Levinson v. Primedia Inc., 02 Cv. 222 (CBM), 2003 WL 22533428
    (S.D.N.Y. Nov. 6, 2003)........................................................... 4

*Lynch v. United Services Auto, ASS'N*, 491 F.Supp.2d 357, 371 (S.D.N.Y. 2007)
    (citing *Hoffmann-La Roche*, 493 U.S. at 170,110 S.Ct. at 486)................. 6

*Ruggles v. Well Point, Inc.*, 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008)............... 7

*Wright, Miller, & Kane, 7B* Federal Practice and Procedure § 1807, 486, 490-91.... 4

Defendants Faylow Corp., Crispo, and Francis J. Crispo, by their undersigned attorney, respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification pursuant to the Fair Labor Standards Act and to issue Notice to FLSA putative opt-in Plaintiffs.

## FACTS

Plaintiffs commenced the instant action by filing an unverified Complaint on September 8, 2009. In support of their Motion for Conditional FLSA Certification Plaintiffs have submitted four (4) affidavits all of which contain only conclusory allegations pertaining to other employees of Crispo. Only the Affidavit of Shawn Parr contains an allegation purportedly specifically pertaining to himself, i.e. that on several occasions during 2007 he worked more than forty (40) hours per week and was not paid for that overtime. No Plaintiff has sworn (1) that he was unaware that Crispo was utilizing the legally permissible "tip credit" in calculating his hourly wage; (2) that he was forced to attend staff meetings for which he was not paid; (3) that he was forced by Crispo to work when not clocked in for work; (4) that, other than Shawn Parr as indicated supra, he worked more than forty (40) hours in any given week and was not paid for time worked in excess of 40 hours; or (5) that he was required to attend mandatory training sessions for which he was not paid. (See Affidavits of Dennis Bublitz annexed to Bruns Decl. as Exhibit "C", of Joseph Gallagher annexed to Bruns Decl. as Exhibit "D", of Shawn Parr annexed to Bruns' Decl. as Exhibit "E", and of Alexandra Carillo-Vaccino annexed to Bruns Decl. as Exhibit "F".)

Since the Complaint is unverified, the only potential evidentiary basis for meeting even the minimal standard required for conditional FLSA certification are the affidavits submitted by the Plaintiffs and Alexandra Carillo-Vaccino. Since only the Affidavit of Shawn Parr contains an arguably factual specific allegation, i.e. that he worked several hours overtime during the Spring/ Summer of 2007, for which he was not compensated, there is no evidentiary basis to satisfy even the minimal standards required for conditional FLSA certification.

# **ARGUMENT**

## **I**

### **PLAINTIFFS' AFFIDAVITS ARE CONCLUSORY, ONLY PERTAIN TO OTHER TIPPED EMPLOYEES, AND CONSEQUENTLY ARE OF NO PROBATIVE VALUE, AND DO NOT FORM A BASIS FOR CONDITIONAL FLSA CERTIFICATION**

Plaintiffs, former employees of Faylow Corp ("Crispo"), have submitted four affidavits in support of their motion for conditional FLSA Certification and also rely for support on their unverified Complaint. The unverified Complaint is of no probative value.

The affidavits of Joseph Gallagher, Dennis Bublitz and Alexandra Carillo-Vaccino are identical with the exception of their personal information, such as home addresses and dates during which they worked at Crispo. The affidavit of Sean Parr is virtually identical to the aforesaid three affidavits, the sole difference being Parr's statement in Paragraph 7 that he "worked a lot of overtime during the Spring and Summer of 2007."

Other than Mr. Parr's specific factual allegation in Paragraph 7 of his affidavit, nowhere do Mr. Parr or affiants Gallagher, Bublitz, Parr and Carillo-Vaccino swear to any specific facts substantiating a claim under FLSA.

Every paragraph in each affidavit with the exception of Paragraph 7 of Mr. Parr's affidavit mentioned supra and the individuating paragraphs stating the residence and dates the affiants worked for Crispo, only contains statements in the third person relating generally to Crispo's "tipped employees." Typical of affiant's conclusory statements relating to others employed by Crispo is Paragraph 9, which is identical in all four affidavits.

Paragraph 9 reads: "Defendants paid all of Crispo's servers less than the minimum wage by taking a 'tip credit' from their wages, but never notified Crispo's servers that they would be taking a 'tip credit'." (See Par. 9 of each Affidavit annexed to Bruns Decl. as Exhibits "C", "D", "E", and "F".)

No affiant swears that he or she was paid less than the minimum wage, nor that he or she was not notified, or was unaware that Crispo was availing itself of the lawful tip credit in calculating their wages. It is also noteworthy that affiants Gallagher, Bublitz and Carillo-Vaccino do not swear that they ever worked more than 40 hours in any given week thereby earning overtime hours for which they were not paid.

Conversely, Frank Crispo, the President of Faylow Corp D/B/A Crispo specifically and unequivocally states in his affidavit that all tipped employees were aware that Crispo was taking the tip credit in calculating their wages. (See Par. 6, Exhibit "A" to Dockery Decl.) Crispo further swears under oath that servers and bartenders were generally scheduled for six (6) hour shifts four (4) days per week, and that other than Mr.

Parr who possibly worked other employee's shifts for his own convenience without prior authorization, did not work more than forty (40) hours per week. (See Pars. 7-10, Exhibit "A" to Dockery Decl.)

Although the first stage of class certification only requires a "modest factual showing," it must be sufficient to demonstrate that plaintiffs and potential class members were victims of a common scheme or plan that violated the law. See Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997); Levinson v. Primedia Inc., 02 Cv. 222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) (finding that plaintiff failed to meet "modest burden"). In making this showing, "conclusory allegations are not enough." Wright, Miller, & Kane, 7B Federal Practice and Procedure § 1807, at 490-91. Here, plaintiffs have offered only conclusory allegations in their affidavits relating to other employees; they have offered nothing of evidentiary value. Because plaintiffs have failed to meet this minimal requirement, it is submitted that their motion for class certification should be denied.

It is respectfully submitted that since Plaintiffs' unverified Complaint is of no probative value and the affidavits in support of FLSA certification contain no specific factual statements relating to the affiants, but rather conclusory statements relating generally to all of Crispo's tipped employees, that said affidavits can not form an appropriate basis for granting conditional certification in this case.

4

## II.

### PLAINTIFFS PROPOSED NOTICE TO PUTATIVE SIMILARLY SITUATED EMPLOYEES IS DEFECTIVE BECAUSE IT FAILS TO FULLY INFORM RECEPIENTS REGARDING THE BASIS FOR, AND THE CONSEQUENCES OF "OPTING-IN"

In collective actions, District Courts have "broad discretion to grant certification, to allow discovery, and to regulate notice." Wright, Miller, & Kane, 7B Federal Practice and Procedure § 1807, at 486. See *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("It is well settled that district courts have the discretionary power to authorize the sending of ['opt-in'] notice[s] to potential class members.")

Opt-in Plaintiffs must have an individual basis for joining the action against the defendants based upon the allegations contained in plaintiff's complaint. Plaintiffs acknowledge in their Complaint that putative opt-in Plaintiffs' Notice "….shall inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages…" (See Complaint, Dockery Decl., Exhibit "D", pg 26, Section A)

Each opt-in Plaintiff will be required to establish by credible admissible evidence that (1) he/she was never informed, and was unaware that Crispo was availing itself of the tip credit in calculating his/her wages; and/or (2) that he/she worked more than 40 hours in any given week, and was not paid overtime for hours worked in excess of 40 hours; and/or (3) that Crispo failed to pay him or her for all hours that he/she worked; and/or (4) that Crispo withheld tips and  gratuities from him/her; and/or (5) that Crispo

made illegal deductions from his/her wages; and/or (6) that Crispo failed to pay him/her the required federal and/or state minimum wage.

Plaintiffs' Proposed Notice of Collective Action is also defective, because it fails to fully inform the recipients regarding the consequences of "opting-in". While this Circuit is devoid of precedent regarding inclusion in the notice of the consequences of opting in, District Courts have addressed the issue and found it appropriate to add language relating to the consequences of opting in. See *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 253-55 (M.D.Tenn. 1996) (adding language that opt-in claimants would have to participate in discovery); see also *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003) (language explaining opt-in claimants will be responsible for costs and counterclaims); *Garcia v. Elite Labor Service, Ltd.*, 1996 WL 33500122, *4(N.D.Ill. July 11, 1996) (requiring to be added: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you.").

The court-supervised notice feature of section 216(b) helps to ensure that employees receive accurate and timely notice regarding the pendency of a collective action in order to allow them to make a reasoned decision regarding whether or not to participate. *Lynch v. United Services Auto, ASS'N*, 491 F.Supp.2d 357, 371 (S.D.N.Y. 2007) (citing *Hoffmann-La Roche*, 493 U.S. at 170,110 S.Ct. at 486).

It is respectfully submitted that should the Court determine to conditionally certify this case as a collective action, that it adopt the Notice and Consent language proposed by defendants indicating that those who wish to join the lawsuit must believe and be willing to testify that Crispo failed to pay all appropriate wages, and further that they be made aware in the Notice of the potential consequences of opting in to the

lawsuit. It is submitted that inclusion in the Notice and Consent of the information requested is necessary to permit putative plaintiffs the opportunity to make a reasoned decision whether or not to become party plaintiffs.

## III.

### PLAINTIFFS' PROPOSED ORDER IS OVERLY BROAD AND INAPPROPRIATE AT THIS STAGE OF THE LITIGATION IN THAT IT SEEKS INHERENTLY PRIVATE INFORMATION SUCH AS SOCIAL SECURITY AND TELEPHONE NUMBERS AND POSTING OF THE NOTICE AND CONSENT FORMS IN A CONSPICUOUS LOCATION AT CRISPO RESTAURANT

In *Chowdhury v. Duane Reade, Inc.*, No. 06-2295, 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007), the District Court determined that it was inappropriate to provide social security numbers of potential plaintiffs at the conditional certification stage of FLSA litigation.

The District Court in *Colozzi v. St. Joseph's Hospital* 595 F. Supp.2d 200 (N.D.N.Y. 2009) held that at the conditional certification stage there was no need for inherently private information including e-mail addresses, telephone numbers, social security numbers and dates of birth. See also *Ruggles v. Well Point, Inc.*, 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008)

It is submitted that should the Court grant conditional certification, all that should be required of Defendants is the names and addresses of tipped employees employed by Crispo during the relevant time periods since mailing of notices is all that is permitted to Plaintiffs' attorneys by law in order to provide notice of the action to putative "opt-in" plaintiffs.

Plaintiffs' proposed conditional certification order is also objectionable in requiring posting of the notice and consent in a "conspicuous location at Crispo restaurant". As indicated supra, adequate notice can be provided by mailing to putative Plaintiffs. Should the Court determine that posting the Notice and Consent at Crispo's restaurant is appropriate, notices should be posted on the bulletin board maintained by CRISPO for employee work schedules and various Labor Department Notices, not in the public areas of the restaurant.

Defendants further object to language in Plaintiffs' proposed order whereby the Court "directs Plaintiffs' counsel to mail the Notice and Consent forms to putative FLSA Plaintiffs." Such an order would imply not only the Court's sanction of the FLSA action, but also of Plaintiffs' counsel thereby creating an impression of partiality. Through their counsel, Plaintiffs have requested the Court's permission to mail the Notices and Consents.

In the event the Court grants said permission, it is submitted that the inclusion in the mailing of anything other than the Notices and Consents, such as a cover letter from Plaintiffs' counsel indicating that the Court directed them to mail the Notice and Consent, should be prohibited.

## CONCLUSION

Based on the foregoing, Defendants request that the Court deny Plaintiffs' request for Conditional FLSA Certification. In the alternative, should the Court determine Conditional FLSA Certification appropriate at this time, Defendants request that the Court adopt Defendants' Notice and Consent forms for mailing to putative opt-in

Plaintiffs, and further that Defendants be required to only provide to Plaintiffs names, last known addresses, and telephone numbers of Crispo tipped employees for the relevant required time periods.

Dated: New York, New York
        June 7, 2010

/s/ William J. Dockery
[WD-8970]
William J. Dockery
17 Battery Place, Suite 1226
New York, New York 10004
Tel.: (212) 425-6150
Fax: (212) 422-5171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER        )
and SHAWN PARR, individually and on behalf   )
of all others similarly situated,                      )        **09 Civ. 7749 (RWS)**
                     Plaintiffs,               )
                                    )        ECF Case
                                    )
       -against-                          )
                                    )
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO  )
and EUGENE CRISPO,                            )
                     Defendants.            )
------------------------------------------------------------------x

## CERTIFICATION OF SERVICE

     I, William J. Dockery, hereby certify that on this 7th day of June, 2010, I caused true and correct copies of:

- Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action pursuant to 29 U.S.C. 216(b) and to Issue Notice

- Declaration of William J. Dockery in Opposition to Plaintiffs' Motion for Conditional Certification of the Fair Labor Standards Act Claims as a Representative Action pursuant to 29 U.S.C. 216(b) and to Issue Notice

to be served by e-filing it to the Case Management/ Electronic Case Filing system, and by U.S. mail, on the following counsel of record:

Horwitz, Horwitz & Paradis
405 Lexington Avenue, 61st Floor
New York, New York 10174
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

                                         */s/  William J. Dockery*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| DENNIS BUBLITZ, JOSEPH GALLAGHER and SHAWN PARR, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br><br>      -against-<br><br>FAYLOW CORP, CRISPO, FRANCIS J. CRISPO and EUGENE CRISPO,<br>                    Defendants. | **09 Civ. 7749 (RWS)**<br><br>ECF Case |

-------------------------------------------------------------x

### DECLARATION OF WILLIAM J. DOCKERY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF FAIR LABOR STANDARDS ACT CLAIMS AS A REPRESENTATIVE ACTION PURSUANT TO 29 U.S.C. 216(b) AND TO ISSUE NOTICE

I, William J. Dockery, an attorney licensed to practice in the State of New York, declare the following under penalty of perjury of the laws of the United States:

1.    I am the attorney for Defendants Faylow Corp., Crispo, and Francis J. Crispo ("Defendants"). I submit this declaration in opposition to Plaintiffs' Motion for the Conditional Certification of Fair Labor Standards Act Claims as a Representative Action Pursuant to 29 U.S.C. 216(b) and to Issue Notice.

2.    Attached hereto as Exhibit "A" is a true and correct copy of the Affidavit of Francis J. Crispo in opposition to Plaintiffs' Motion for Conditional FLSA Certification and issuance of Notice pursuant thereto.

3.    Attached hereto as Exhibit "B" is a true and correct copy of the Notice Form proposed by Defendants in the event of FLSA Conditional Certification.

4.      Attached hereto as Exhibit "C" is a true and correct copy of the Consent Form proposed by Defendants in the event of FLSA Conditional Certification.

5.      Attached hereto as Exhibit "D" is a true and correct copy of Page 26 of the Complaint filed in this action.

I declare under penalties of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 7th day of June, 2010.

William J. Dockery
[WD-8970]

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER           )
and SHAWN PARR, individually and on behalf )
of all others similarly situated,          )        **09 Civ. 7749 (RWS)**
              Plaintiffs,   )
                                             )        ECF Case
                                           )
        -against-                        )
                                           )        **AFFIDAVIT**
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO )
and EUGENE CRISPO,                         )
              Defendants.    )
--------------------------------------------------------------x

Francis J. Crispo, being duly sworn, deposes and says that:


    1.     I am a named Defendant herein and also President of Faylow Corp d/b/a

CRISPO, and, as such, am fully familiar with the facts and circumstances stated herein.

    2.     I make this Affidavit in Opposition to Plaintiffs' motion for conditional

FLSA certification of their claims.

    3.     Plaintiffs have submitted four affidavits in support of their motion for

conditional certification.

    4.     With the exception of Sean Parr's Affidavit (Paragraph 7 wherein he states

that he worked a lot of overtime during the spring and summer of 2007), the four (4)

affidavits are devoid of any sworn facts relating to the affiant individually.

    5.     No where do affiants Bulbitz, Parr, Gallagher or Carillo-Vaccino

specifically swear on their own behalf that they were not put on notice, nor that they were

unaware that CRISPO was availing itself of the lawful tip credit in calculating their wages. In addition, affiants Bublitz, Gallagher, or Carillo-Vaccino do not state that they have at any time worked more than 40 hours during a week, were entitled to overtime, and/or were not paid for overtime worked.

6       All tipped employees of CRISPO, including the affiants Parr, Bublitz, Gallgher and Carillo-Vaccino, were advised and were aware of the fact that CRISPO was availing itself of the lawful tip credit in calculating their hourly wages.

7.      All of CRISPO's servers were scheduled to work six (6) hour shifts, generally three or four days per week.

8.      If Mr. Parr did in fact work in excess of forty (40) hours on a few occasions during the spring or summer of 2007, it was due solely to the fact that he worked other employee's shifts at his request, and for his convenience.

9.      I am unaware of any authorization by CRISPO for Mr. Parr or any other employee to work more than forty (40) hours per week. I never authorized Mr. Parr to work more than forty (40) hours during any work week.

10.     It is my belief that affiants Bublitz, Gallagher and Carillo-Vaccino did not swear to working more than forty (40) hours per week because they have never done so. Exhibit "G" to Plaintiff's moving papers establishes that Bublitz, Parr and Carillo-Vaccino did not work more than thirty four (34) hours during any given week during September 2008, the month selected by Plaintiffs to support their claims from the full year of ALOHA records provided to them by Defendants.

11.    I object to Plaintiffs' proposed notice to all tipped employees because it does not reflect impartiality, nor does it provide enough information for potential party Plaintiffs to make an informed decision.

12.    Plaintiffs' proposed notice does not even advise potential party plaintiffs that their right to join the lawsuit must be based upon their belief that they were denied proper wages by CRISPO.  The prerequisite for such a belief in order to join this lawsuit as a party plaintiff is established and acknowledged by Plaintiffs in their complaint. "Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages." (See page 26, par A of Complaint, Exhibit "D" to Dockery Decl.)

13.    It is also submitted that in order to make an informed decision tipped employees should be advised that joining this lawsuit creates certain individual obligations, such as responding to discovery requests, testifying at depositions, trial, and barring pro rata responsibility for costs and disbursements advanced by their attorneys in the event their claims are denied.

14.    At a minimum, the notice and consent forms should advise "tipped employees" that in order to join this action, they must believe they were denied proper wages by CRISPO, and that they must be willing to testify under oath to establish their claims.

15.    In the event that the Court deems it appropriate to conditionally certify, I request that Notices and Consents in form annexed to Dockery Decl. as Exhibits "B" and

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER )
and SHAWN PARR, individually and on behalf )
of all others similarly situated, )          **09 Civ. 7749 (RWS)**
                 Plaintiffs, )
                  )          ECF Case
                  )
        -against- )
                  )          **AFFIDAVIT**
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO )
and EUGENE CRISPO, )
                 Defendants. )
------------------------------------------------------------------x

Francis J. Crispo, being duly sworn, deposes and says that:


    1.     I am a named Defendant herein and also President of Faylow Corp d/b/a CRISPO, and, as such, am fully familiar with the facts and circumstances stated herein.

    2.     I make this Affidavit in Opposition to Plaintiffs' motion for conditional FLSA certification of their claims.

    3.     Plaintiffs have submitted four affidavits in support of their motion for conditional certification.

    4.     With the exception of Sean Parr's Affidavit (Paragraph 7 wherein he states that he worked a lot of overtime during the spring and summer of 2007), the four (4) affidavits are devoid of any sworn facts relating to the affiant individually.

    5.     No where do affiants Bulbitz, Parr, Gallagher or Carillo-Vaccino specifically swear on their own behalf that they were not put on notice, nor that they were

unaware that CRISPO was availing itself of the lawful tip credit in calculating their wages. In addition, affiants Bublitz, Gallagher, or Carillo-Vaccino do not state that they have at any time worked more than 40 hours during a week, were entitled to overtime, and/or were not paid for overtime worked.

6       All tipped employees of CRISPO, including the affiants Parr, Bublitz, Gallgher and Carillo-Vaccino, were advised and were aware of the fact that CRISPO was availing itself of the lawful tip credit in calculating their hourly wages.

7.       All of CRISPO's servers were scheduled to work six (6) hour shifts, generally three or four days per week.

8.       If Mr. Parr did in fact work in excess of forty (40) hours on a few occasions during the spring or summer of 2007, it was due solely to the fact that he worked other employee's shifts at his request, and for his convenience.

9.       I am unaware of any authorization by CRISPO for Mr. Parr or any other employee to work more than forty (40) hours per week. I never authorized Mr. Parr to work more than forty (40) hours during any work week.

10.       It is my belief that affiants Bublitz, Gallagher and Carillo-Vaccino did not swear to working more than forty (40) hours per week because they have never done so. Exhibit "G" to Plaintiff's moving papers establishes that Bublitz, Parr and Carillo-Vaccino did not work more than thirty four (34) hours during any given week during September 2008, the month selected by Plaintiffs to support their claims from the full year of ALOHA records provided to them by Defendants. (See Exhibit "G" to Bruns Decl.)

11.     I object to Plaintiffs' proposed notice to all tipped employees because it does not reflect impartiality, nor does it provide enough information for potential party Plaintiffs to make an informed decision.

12.     Plaintiffs' proposed notice does not even advise potential party plaintiffs that their right to join the lawsuit must be based upon their belief that they were denied proper wages by CRISPO. The prerequisite for such a belief in order to join this lawsuit as a party plaintiff is established and acknowledged by Plaintiffs in their complaint. "Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages." (See page 26, par A of Complaint, Exhibit "D" to Dockery Decl.)

13.     It is also submitted that in order to make an informed decision tipped employees should be advised that joining this lawsuit creates certain individual obligations, such as responding to discovery requests, testifying at depositions, trial, and bearing pro rata responsibility for costs and disbursements advanced by their attorneys in the event their claims are denied.

14.     At a minimum, the notice and consent forms should advise "tipped employees" that in order to join this action, they must believe they were denied proper wages by CRISPO, and that they must be willing to testify under oath to establish their claims.

15.     In the event that the Court deems it appropriate to conditionally certify, I request that Notices and Consents in form annexed to Dockery Decl. as Exhibits "B" and

"C" be distributed to the appropriate tipped hourly employees so that each may make an informed decision regarding joining this action.

For the aforesaid reasons, it is respectfully requested that this Court deny conditional certification, or alternatively in the event that conditional certification is granted, that the Court direct Notices and Consents in the form annexed to Dockery Decl. to be utilized.

Francis J. Crispo

Sworn to before me on this
4th day of June, 2010

Notary Public

**WILLIAM J. DOCKERY**
Notary Public, State of New York
No. 31-4941754
Qualified In New York County
Commission Expires August 29, 2010

[wjd/crispo-lull/certfnaula.aff]

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DENNIS BUBLITZ, JOSEPH GALLAGHER          )
and SHAWN PARR, individually and on behalf )
of all others similarly situated,                        )
                        Plaintiffs,          )
                                                       )          **09 Civ. 7749 (RWS)**
           -against-                               )
                                                       )          ECF Case
FAYLOW CORP, CRISPO, FRANCIS J. CRIS   )
and EUGENE CRISPO,                              )
                        Defendants.          )
--------------------------------------------------------------x

**THIS NOTICE HAS BEEN AUTHROZIED BY THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THE
COURT TAKES NO POSITION ON THE MERITS OF PLAINTIFFS' CLAIMS
OR OF DEFENDANTS' DEFENSES.**

## NOTICE OF COLLECTIVE ACTION LAWSUIT

TO:    CURRENT AND FORMER SERVERS, BARTENDERS AND BUSSERS
            WHO WORKED AT CRISPO FROM

RE:    LAWSUIT ALLEGING VIOLATION OF FEDERAL AND NEW YORK
            WAGE AND HOUR LAWS

I.     INTRODUCTION TO THE CASE

       This notice's purpose is to inform you of a lawsuit pending in the United States
District Court Southern District of New York against Faylow Corp, Crispo, Francis J.
CRISPO and Eugene CRISPO (collectively, "Defendants" or "CRISPO"). The Plaintiffs
allege that CRISPO violated the Fair Labor Standards Act and the New York Labor Law
by (1) availing itself of a "tip credit" in calculating the wages of its servers, bartenders,
and bussers (collectively, the "Tipped Hourly Employees") without the tipped hourly
employees  being aware that CRISPO was taking the "tip credit"; (2) failing to pay its
Tipped Hourly Employees for all hours worked; (3) failing to pay the Tipped Hourly
Employees overtime; (4) unlawfully withholding gratuities from the Tipped Hourly
Employees; (5) making illegal deductions from the wages of the Tipped Hourly
Employees; and (6) failing to pay its servers at the federal and state minimum wage. This
lawsuit seeks monetary damages on behalf of the Tipped Hourly Employees, including
compensation for all hours worked, compensation for overtime hours worked,
compensation for illegally withheld gratuities, compensation for illegal deductions made
from wages, and compensation to servers for the difference between wages paid and the
prevailing minimum wage. The Plaintiffs also seek double liquidated damages, attorneys'
fees and costs, and interest.

CRISPO maintains that it has paid in full all wages due to its tipped employees, and that it has not withheld employee tips. CRISPO has denied both Plaintiffs' allegations and any liability to current or former Tipped Hourly Employees for unpaid wages or tips. CRISPO is contesting and defending Plaintiffs' lawsuit.

II.     WHO CAN JOIN THE LAWSUIT

Any current or former Tipped Hourly Employee of CRISPO during any period of time between now and _____ 2007, who believes that he or she was not paid all lawful wages by CRISPO, i.e. that during the aforesaid period (1) you were not informed and were unaware that CRISPO was availing itself of the "tip credit" in calculating your wages; and/or (2) that CRISPO failed to pay you for all hours that you worked; and/or (3) that you worked more than forty (40) hours in a certain week or weeks and that CRISPO failed to pay you for the overtime hours that you worked; and/or (4) that CIRSPO withheld tips/ gratuities from you; and/or (5) that CRISPO made illegal deductions from your wages; and/or (6) that CRISPO failed to pay you the required federal and/or state minimum wage.

III.     CONSEQUENCES OF JOINING THE LAWSUIT

By joining the lawsuit, you become a party Plaintiff who may be required to participate in discovery, such as production of documents, answering written questions, and/or testifying under oath at deposition and/or trial. In addition, in the event that CRISPO prevails on the merits of the case, you will be responsible for your pro rata share of out of pocket disbursements made by your counsel in prosecution of this action. Also, in the event that CRISPO prevails on the merits of the case, the Court may award costs and disbursements of the action to CRISPO, which would also be your responsibility.

IV.     HOW TO PARTICIPATE IN THE LAW SUIT

You may retain your own attorney or attorneys retained by the Plaintiffs to represent you. If you retain your own attorney, the consent to join should be completed and filed with the court no later than _____. Should you wish to retain Horwitz, Horwitz & Paradis, you should execute the consent form and return to it to them no later than _____ 2010, pursuant to the following institutions.

You may join the lawsuit by filling out and (1) faxing the Consent to Join the Collective Action Form attached hereto ("consent to Join") to (212) 986-4501, (2) emailing the form to abruns@hhplawny.com, or (3) mailing it to Plaintiffs' counsel at:

HORWITZ, HORWITZ & PARADIS
ATTORNEYS AT LAW
Attn: Alyson A. Bruns
405 Lexington Avenue, 61st Floor
New York, New York 10174

ANY QUESTIONS, PLEASE CONTACT Alyson Bruns at (212) 986-4500 or abruns@hhplawny.com. PLEASE DO NOT CONTACT THE COURT.

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

DENNIS BUBLITZ, JOSEPH GALLAGHER ) **09 Civ. 7749 (RWS)**
and SHAWN PARR, individually and on behalf )
of all others similarly situated, ) **CONSENT TO BE A PARTY**
                                    Plaintiffs, ) **PLAINTIFF**
                                             )
                                             )
            -against-                        )
                                             ) ECF Case
FAYLOW CORP, CRISPO, FRANCIS J. CRISPO )
and EUGENE CRISPO, )
                                    Defendants. )
-------------------------------------------------------------x

I believe that I have not been paid all wages due me from Faylow Corp. D/B/A Crispo
during the period                                , and am willing to testify under oath to
support my claims.

I consent to be a party plaintiff in the foregoing lawsuit against Faylow Corp., Crispo,
Francis J. Crispo, and Eugene Crispo in order to seek redress for violations of the Fair
Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

[ ] I hereby retain _____
to represent me in this lawsuit.

[ ] I hereby retain Horwitz, Horwitz and Paradis, Attorneys at Law, to represent me in
the lawsuit.


_____
Signature


_____
Print Name


_____
Date


_____
Address


_____
City, State and Zip Code

# EXHIBIT "D"

wages in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulation in 12 N.Y.C.R.R. § 137-2.5 because Defendants unlawfully charged these Rule 23 Class members for food mistakes and customer miscommunications.

134.   Because Defendants violated the NYLL, Plaintiffs and the other Rule 23 Class members are entitled to recover from Defendants their unpaid wages, attorneys' fees and costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.   That at the earliest time possible, Plaintiffs be allowed to give notice of this FLSA Collective Action, or that the Court issue such notice, to the FLSA Collective which includes all persons who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of court supervised notice, been employed by Defendants as Tipped Hourly Employees at Crispo. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join the lawsuit if they believe they were denied proper wages;

B.   Unpaid wages and an additional amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations.

C.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;